**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

EMPRESAS BENITEZ TOLEDO, INC.

**Debtor**

CASE NO. 13-00186 BKT

**Chapter 11**

FILED & ENTERED ON 08/07/2014

## OPINION AND ORDER

Before this court is a Motion for Summary Judgment as to a Contested Matter Arising from an Objection to Claim No. 7 pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56 filed by Creditor, PR Asset Portfolio 2013-1 International, LLC ("PR Asset" or "Creditor") [Dkt. No. 235], PR Asset's Statement of Uncontested Facts in Support of its Motion for Summary Judgment [Dkt. No. 236], and the Response to PR Asset's Motion for Summary Judgment filed by Debtor, Empresas Benitez Toledo, Inc. ("Empresas Benitez Toledo" or "Debtor") [Dkt. No. 249]. For the reasons set forth below, Creditor's Motion for Summary Judgment is DENIED.

### I.    Factual Background

On January 1, 2013, Empresas Benitez Toledo filed for relief under chapter 11 of the Bankruptcy Code [Dkt. No 1]. On January 18, 2013, notice was given to all creditors to file proofs of claim by May 23, 2013 [Dkt. No. 9, 10, 11]. On March 8, 2013, Banco Popular de Puerto Rico ("BPPR") timely filed Proof of Claim No. 7, the proof of claim at issue. In said claim, BPPR listed $1,413,320.55 in unsecured debt.

1

After the bar date to submit proofs of claim passed, on July 31, 2013, BPPR transferred all rights, titles, and interests in the loans giving rise to Proof of Claim No. 7, among others, to PR Asset. BPPR's attorneys remained as counsels of record for PR Asset. Thereafter, on November 12, 2013, PR Asset amended Proof of Claim No. 7, increasing the total amount of unsecured debt to $7,691,128.43.

On December 30, 2013, PR Asset filed its second amended Proof of Claim No. 7, almost a year after the creditors' notice to file proofs of claim, and seven (7) months after the bar date to file proofs of claim. In said second amended claim, PR Asset listed $7,691,128.43 in debt, and claimed $2,700,000.00 as secured debt. On January 22, 2014, Empresas Benitez Toledo filed its Objection to PR Asset's Second Amended Claim No.7 [Dkt. No. 202]. In its objection, Empresas Benitez Toledo argued that by amending Proof of Claim No. 7's nature from unsecured debt to secured debt, PR Asset had essentially filed a new claim. It further stated that PR Asset failed to specify what security interest secured the $2,700,000.00. Shortly thereafter, on January 31, 2014, PR Asset responded to the objection [Dkt. No. 211]. PR Asset denied Empresas Benitez Toledo's arguments, claiming that Empresas Benitez Toledo's voluntary petition recognized the secured claim at issue.

After a hearing on February 12, 2014, the court ordered PR Asset to file a dispositive motion on: (1) whether Proof of Claim No. 7 contains valid secured portion, and (2) whether second amended Proof of Claim No. 7 constitutes a new claim. The court also granted Empresas Benitez Toledo thirty (30) days to respond.

On March 14, 2014, PR Asset filed its Motion for Summary Judgment as to the Contested Matter arising from Objection to Claim 7 [Dkt. No. 235], and its Statement of

2

Uncontested Facts in Support of its Motion for Summary Judgment [Dkt. No. 236]. In its motion, PR Asset argues that: (1) it is not required file a secured claim as Proof of Claim No. 7 is partially secured; (2) if indeed it chooses to file a proof of claim, it does not have a deadline to file said claim; and in the alternative, (3) if it is required to file a claim before the proof of claim deadline, it should be granted leave to amend its claim as justice so requires. PR Asset also notes that the attachments to Proof of Claim No. 7, the amended claim, and the second amended claim are essentially the same.[1]

On April 22, 2014, Empresas Benitez Toledo filed its response to PR Asset's Motion for Summary Judgment. Empresas Benitez Toledo argues that (1) PR Asset has failed to provide specific detail as to the collateral that secures each of its claims; and (2) that PR Asset's second amended Proof of Claim No. 7 is a "new claim" and it should thus be disallowed for its untimely filling. It further argues that in clearing certain doubts as to Proof of Claim No. 7, PR Asset has cast doubt as to the secured status of its other proofs of claim.[2] Therefore it requests that PR Asset provide specific collateral to each of its claims. After considering all of the facts and each parties' arguments, the court agrees in part with Empresas Benitez Toledo, and for the following reasons finds PR Asset's Motion for Summary Judgment without merit.

## II.      Standard of Review

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Pursuant to Fed. R. Civ. P. 56(c),

---

[1] The court feels compelled to point both parties to P.R. LBR 9070-1. The rule states: "All exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator." P.R. LBR 9070-1. Any evidence presented that does not comply with this rule will not be considered.

[2] See supra Note 1.

3

made applicable in bankruptcy by Fed. R. Bankr. P. 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the Movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it could potentially affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the non Movant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). The evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show

4

differing versions of fact which justify a trial." Id.; See also Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (holding that the materials attached to the motion for summary judgment must be admissible and usable at trial.). Finally, after reviewing the aforementioned and "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant." Fed. R. Civ. P. 56.

## II.     Legal Analysis

Pursuant to Fed. R. Bankr. P. 3003:

> [a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.[3]

Fed. R. Bankr. P. 3003. This "bar date serves the interests of finality and debtor rehabilitation in a bankruptcy proceeding." In re First Alliance Mortgage Co., 269 B.R. 428, 439 (C.D. Cal. 2001) (citing In re Tucker, 174 B.R. 732, 743 (Bankr.N.D.Ill.1994)). "If late-filed claims were not barred, it would never be possible to determine with finality what payments are required." Id.

In bankruptcy cases, the bar date should be "prominently announced and accompanied by an explanation of its significance." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship, 507 U.S. 380, 398 (1993). In the matter at hand, such was the case. See Dkt. Nos. 9 – 11

---

[3] Notwithstanding PR Asset's argument, the Debtor listed the debt to Banco Popular de Puerto Rico as "unliquidated" in its Schedule D. [See Docket entry number 1] 11 U.S.C. § 1111(a) states in relevant part that a "proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules...except a claim or interest that is scheduled as disputed, contingent, or unliquidated."

5

(announcing that proof of claims were due by May 23, 2013, and explaining its significance). It should be noted that the transfer of rights, titles, and interests in loans to a new creditor is not grounds for a new notice, as "the original notice to the previous attorney is adequate notice." In re Helton, 183 B.R. 474, 475 (Bankr. E.D. Ky. 1995). As BPPR, PR Asset's predecessor, timely filed Proof of Claim No. 7 on March 8, 2013, it is clear that PR Asset should be treated as a creditor pursuant to the Bankruptcy Code.

As Proof of Claim No. 7 was timely filed by a bona fide creditor, the main issues before the court are: (1) whether Proof of Claim No. 7 contains a valid secured portion, and (2) whether the second amended Proof of Claim No. 7 constitutes an untimely filed new claim. If an amended claim, filed after the bar date, "represents only an attempt to file a new claim under the guise of amendment," it should not be allowed. In re Winters, 380 B.R. 855, 858 (Bankr. M.D. Fla. 2007) (citing In re International Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir.1985)). Given that in this particular case the validity of the alleged security interest depends on the Creditor's compliance with the bar date, the court will entertain the latter procedural issue first.

Pursuant to 11 USC § 502(b)(9), claims will be disallowed if they are not timely filed. 11 USC § 502(b)(9). "Under limited circumstances, however, a claim filed after the bar date may be allowed if it amends a timely-filed proof of claim." Winters, 380 B.R. at 858. These limited circumstances include the curing of a defect in the original claim, "to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." Id. However, as previously mentioned, "an untimely claim should not be allowed . . . if it represents only an attempt to file a new claim under the guise of amendment." Id. (citing International Horizons, Inc., 751 F.2d at 1216).

6

Numerous courts "have held that amending an unsecured claim to a secured claim equates to the filing of a new claim." In re Durango Georgia Paper Co., 314 B.R. 885, 888 (Bankr. S.D. Ga. 2004) (citing Highlands Ins. Co. v. Alliance Operating Corp. (In re Alliance Operating Corp.), 60 F.3d 1174, 1175 (5th Cir.1995); In re Walls & All, Inc., 127 B.R. 115, 118 (W.D.Pa.1991); In re Nat'l Merch. Co., 206 B.R. 993, 999 (Bankr.M.D.Fla.1997)). The courts reason that such an amendment fundamentally changes the nature of the claim. Id.

To determine whether there has indeed been a fundamental change in the nature of the claim, the court will apply a totality of the circumstances analysis.  This analysis has been "adopted by numerous courts to determine if the amendment of a claim should be allowed." In re Durango Georgia Paper Co., 314 B.R. 885, 888 (Bankr. S.D. Ga. 2004). In its analysis, the court will apply the following factors:

> 1) Whether the debtor and creditors relied upon the earlier proof of claim or had reason to know that a subsequent proof of claim would be filed;
> 2) Whether other creditors would receive a windfall by refusing the amendment;
> 3) Whether the movant intentionally or negligently delayed in filing the amendment;
> 4) The justification for failure to file for an extension to the bar date;
> 5) Whether equity requires the consideration of other factors.

Durango Georgia Paper Co., 314 B.R. at 888. In applying these factors, the court holds that it is not equitable to allow PR Asset to amend its claim, as it would constitute a fundamentally different and new claim.

In regards to the first factor, it is clear that Empresas Benitez Toledo and its other creditors relied upon the earlier proof of claim, and had no reason to know that a subsequent

proof of claim would be filed. On August 12, 2013, Empresas Benitez Toledo filed its Disclosure Statement and Plan of Reorganization. This occurred after PR Asset acquired the debt at issue from BPPR. While PR Asset filed an Objection to the Disclosure Statement and Plan of Reorganization, it did not raise any issues as to the secured nature of Proof of Claim No. 7. It was not until a hearing on December 16, 2013 that PR Asset first argued Proof of Claim No. 7 is a secured debt. Given this pattern of conduct, the court does not see how Empresas Benitez Toledo and its other creditors could have reason to know that a subsequent and secured proof of claim would be filed.

As to the second factor, it is evident that the other creditors would not receive a windfall by refusing the amendment. Based on PR Asset's pattern of conduct, the other creditors should have reasonably expected that Empresas Benitez Toledo's liability as to Proof of Claim No. 7 was entirely unsecured. Allowing PR Asset's second amended Proof of Claim No. 7 "would dilute the other unsecured creditors' claims." Id.

Thirdly, the court holds that PR Asset negligently delayed in filing the amendment at issue. PR Asset filed its second amended Proof of Claim No. 7 on December 30, 2013. This was almost a year after the creditors' notice to file proofs of claim, and seven (7) months after the bar date. PR Asset had numerous opportunities to assert the secured nature of its claim prior to when it first did so in a hearing on December 16, 2013, though it never did. Furthermore, it has no legitimate explanation for the seemingly unreasonable delay in the filing of its amendment.

As to the fourth factor, BPPR, PR Asset's predecessor, never sought an extension to the proofs of claim bar date, and PR Asset has no legitimate explanation for its failure to do so. It is undisputable that the bar date was "prominently announced and accompanied by an explanation

8

of its significance." <u>Pioneer</u>, 507 U.S. at 398. Furthermore, as counsel for BPPR remained on as counsel for PR Asset, the court has no qualms in holding that the original notice was adequate.

Lastly, equity does not require the consideration of other factors. "Congress made it a central purpose of the Bankruptcy Code to give debtors a fresh start in life and a clear field for future effort unburdened by the existence of old debts." <u>In re Ramos</u>, 510 B.R. 22, 27 (Bankr. D.P.R. 2014) (citing In re Brody, 297 B.R. 5, 8 (Bankr.S.D.N.Y.2003)). Empresas Benitez Toledo has abided by its obligations in the bankruptcy process, and PR Asset has no excuse for its unreasonable delay in the filing of its second amended Proof of Claim No. 7.

Pursuant to the foregoing analysis, the court holds that given the totality of the circumstances, PR Asset's second amended Proof of Claim No. 7 constitutes a new claim, and it is thus disallowed. As a result, the court need not consider whether PR Asset's Proof of Claim No. 7 is indeed secured.

**III.    Conclusion**

It appears that there is no dispute as to any material fact in this proceeding. WHEREFORE:

IT IS ORDERED that Creditor's Motion for Summary Judgment shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 7th day of August, 2014.

Brian K. Tester

9